# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SHAFEQAH LODREE**                                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO.: 3:23-cv-3102-TSL-MTP**

**MERCEDES-BENZ OF SOUTH**
**ATLANTA, LLC, and SWICKARD**
**ATLANTA, LLC**                                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for case management purposes. For the reasons set forth below, the undersigned recommends that this action be DISMISSED without prejudice.

## BACKGROUND

Plaintiff filed her Complaint [1] on November 17, 2023, against Defendants Mercedes-Benz of South Atlanta, LLC ("Mercedes") and Defendant Swickard Atlanta, LLC ("Swickard"). By the Court's Order [4], Plaintiff was granted a thirty-day extension to serve process on Defendants and to file proof of service pursuant to Fed. R. Civ. P. 4(l) by March 16, 2024. *See* Order [4]. The Court cautioned Plaintiff that any unserved Defendants could be dismissed if process was not served and the notices of proof of service were not filed by March 16, 2024. *Id*.

Plaintiff failed to file proof of service pursuant to Fed. R. Civ. P. 4(l) as to either Defendant by March 16, 2024, as required by the Court's Order [4].

On March 28, 2024, the Court entered an Order to Show Cause [5], directing Plaintiff to file a written statement on or before April 10, 2024, setting forth why her claims against Mercedes and Swickard should not be dismissed for Plaintiff's failure to timely serve process and for her failure to comply with the Court's Order [4].

1

Plaintiff responded to the Court's Show Cause Order [5] on April 10, 2024, stating that her counsel had only "recently learned that proof of service [as to Defendants] were caught in the undersigned's Spam folder." [6] at 2. Plaintiff then explained that Mercedes was served on February 15, 2024, but that Swickard "could not be found" and had not been served. [6] at 1. Plaintiff's counsel stated that any oversight regarding the failure to file proof of service stemmed from "preparing for and litigating a three-day trial[.]" [6] at 1. Still, Plaintiff did not properly file proof of service as to either Defendant as required by Fed. R. Civ. P. 4(l) and the Court's Order [4].[1]

On May 14, 2024, the Court entered a Second Order to Show Cause [8], directing Plaintiff to file a written statement on or before May 28, 2024, setting forth why her claims against Defendants should not be dismissed for her failure to prosecute this action and for her failure to file proof of service pursuant to Fed. R. Civ. P. 4(l) and the Court's Order [4].

Plaintiff timely responded to the Second Order to Show Cause [8] and stated that she was "waiting on an Order or direction from the Court on how to proceed." Plaintiff also filed proof of service as to Mercedes pursuant to Fed. R. Civ. P. 4(l) and the Court's Order [4]. *See* [9]. Swickard, however, remained unserved.

Seven months have passed since Plaintiff filed her Complaint [1]. To date, neither Defendant has answered or otherwise appeared in this matter.

---

[1] On April 10, 2024, Plaintiff also docketed "AFFIDAVIT of Service for Proof of Service served on Mercedes-Benz South on February 15, 2024." *See* [7]. On April 11, 2024, the Clerk's Office noted the error in the filing and informed Plaintiff's counsel to refile the entry as "Summons Returned Executed." *See* Docket Annotation as to [7]. Plaintiff's counsel did not do so until May 28, 2024, after the Court entered its Second Order to Show Cause [8].

2

## ANALYSIS

Federal Rule of Civil Procedure 41(b) authorizes this Court to exercise its discretion to dismiss an action "*sua sponte* for [a plaintiff's] failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to … clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief … so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Plaintiff has failed to prosecute this action against Defendants Mercedes and Swickard. Mercedes was served with process on February 15, 2024, requiring that it answer or respond to the Complaint [1] on or before March 7, 2024. *See* [9]. Three months have elapsed, and Mercedes has yet to answer or otherwise appear in this matter. Plaintiff has not sought an entry of default against Mercedes, and the docket is stagnant aside from Plaintiff's responses to the Court's Show Cause Orders [5] [8].[2] Plaintiff has failed to prosecute this action against Mercedes, and the claims against Mercedes should be dismissed.

To date, Plaintiff has failed to serve process upon Swickard. In response to the Court's Show Cause Order [5], Plaintiff disclosed that Swickard "could not be found" and has not been properly served. [6] at 1. Plaintiff has apparently made no further effort to find this Defendant.

---

[2] The Court's Second Order to Show Cause [8] informed Plaintiff of Mercedes's failure to timely answer the Complaint [1] and that Plaintiff had not sought an entry of default against Mercedes. Notwithstanding, Plaintiff has taken no further action in this matter against Mercedes.

Plaintiff has not asked for additional time to serve process on Swickard, nor has she dismissed Swickard as a party.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the 90-day period for serving Swickard has long since expired, and despite receiving an extension to serve process upon Swickard by March 16, 2024, Swickard remains unserved. Pursuant to Rule 4(m) and for Plaintiff's failure to comply with the Court's Orders [4] [5] [8], the claims against Swickard should also be dismissed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that this action be DISMISSED without prejudice for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for Plaintiff's failure to serve process (as to Defendant Swickard) pursuant to Fed. R. Civ. P. 4(m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 18th day of June, 2024.

                                                s/Michael T. Parker
                                                United States Magistrate Judge